UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

LOGAN DYJAK, )
   Plaintiff, )
)
vs. ) No. 21-3109
)
GRACE HOU and LANA MILLER, )
   Defendants )

CASE MANAGEMENT ORDER

JAMES E. SHADID, U.S. District Judge:

Plaintiff Logan Dyjak has filed a lawsuit pursuant to 42 U.S.C. §1983 alleging staff members at the McFarland Mental Health Center ("McFarland") in Springfield, Illinois violated his constitutional rights. Plaintiff was adjudicated not guilty by reason of insanity under Illinois law and is currently is in the custody of the Illinois Department of Human Services (IDHS). Consequently, Plaintiff is not considered a prisoner pursuant to the Prison Litigation Reform Act. *See Banks v. Thomas*, 2011 WL 1750065 (collecting cases).

Plaintiff is proceeding *in forma pauperis. See* May 18, 2021 Text Order. The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.,* 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. §

1915(d)(2). Accordingly, this Court grants leave to proceed *in forma pauperis* only if the complaint states a federal claim.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff has identified two Defendants: IDHS employees Grace Hou and Lana Miller. Since February of 2019, Plaintiff has lived in a minimally secure unit at McFarland. Plaintiff says he has never been suicidal, nor has a staff member accessed Plaintiff as suicidal. Nonetheless, his room was converted to a suicide prevention room at some point in 2019. Plaintiff's mattress, bed, bathroom door, and toilet seat were removed. While not entirely clear, it also appears Plaintiff does not have running water in his sink and he has restricted access to his personal property. In addition, staff monitors Plaintiff every 30 minutes, 24 hours a day. As a result, Plaintiff is suffering from fatigue and "emotional distress." (Comp., p. 5). Plaintiff also claims his living conditions are impacting his mental health.

Plaintiff says the Defendants have violated his due process rights by placing him in a suicide watch cell with a substantially more restrictive environment when he is not suicidal. For the purposes of notice pleading, Plaintiff has articulated a constitutional violation. The Court will consider Plaintiff's motion for appointment of counsel when this case is set for hearing pursuant to Rule 16 of the Federal Rules of Civil Procedure.

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Defendants IDHS employees Grace Hou and Lana Miller have violated Plaintiff's Fourteenth Amendment rights based on his living conditions. Plaintiff says he was confined in highly restrictive suicide watch cell when he was not suicidal. The claim is stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Attempt service on Defendants pursuant to the standard procedures; 2) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; and 3) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 20th day of October, 2021.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE